```
_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED
```

**AUG 14 2019**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY

Judge James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PORNCHAI CHAISEEHA,<br><br>Defendant. | NO.  CR19-140JLR<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Matthew Diggs, Assistant United States Attorney for said District, PORNCHAI CHAISEEHA, and his attorney, Kurt Hermanns, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1:      **Waiver of Indictment.**  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2.      **The Charge.**  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information.

      a.      Conspiracy to Defraud the Government, as charged in Count 1, in violation of Title 18, United States Code, Section 371.

1  By entering this plea of guilty, Defendant hereby waives all objections to the form

2  of the charging document.  Defendant further understands that before entering his guilty

3  plea, he will be placed under oath.  Any statement given by Defendant under oath may be

4  used by the United States in a prosecution for perjury or false statement.

5  3.  **Elements of the Offense**.  The elements of the offense of Conspiracy to

6  Defraud the Government to which Defendant is pleading guilty are as follows:

7  First, the defendant agreed with another to defraud the United States by

8  obstructing the lawful functions of a government agency by deceitful or dishonest means;

9  Second, the defendant became a member of the conspiracy to defraud knowing of

10  at least one of its objects and intending to help accomplish it; and

11  Third, one member of the conspiracy performed at least one overt act for the

12  purpose of carrying out the conspiracy.

13  4.  **The Penalties**.  Defendant understands that the statutory penalties

14  applicable to the offenses to which he is pleading guilty are as follows:

15  a.  For the offense of Conspiracy to Defraud the Government, as

16  charged in Count 1:  A maximum term of imprisonment of five (5) years, a fine of up to

17  two hundred and fifty thousand dollars ($250,000.00), a period of supervision following

18  release from prison of up to three (3) years, and a mandatory special assessment of one

19  hundred dollars ($100.00).

20  If a probationary sentence is imposed, the probation period can be up to five (5)

21  years.  Defendant agrees that the special assessment shall be paid at or before the time of

22  sentencing.

23  Defendant understands that supervised release is a period of time following

24  imprisonment during which he will be subject to certain restrictive conditions and

25  requirements.  Defendant further understands that if supervised release is imposed and he

26  violates one or more of the conditions or requirements, Defendant could be returned to

27  prison for all or part of the term of supervised release that was originally imposed.  This

28

PLEA AGREEMENT - 2
*U.S. v. Pornchai Chaiseeha*, CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  could result in Defendant's serving a total term of imprisonment greater than the statutory

2  maximum stated above.

3       Defendant understands that as a part of any sentence, in addition to any term of

4  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

5  restitution to any victim of the offense, as required by law.

6       Defendant agrees that any monetary penalty the Court imposes, including the

7  special assessment, fine, costs, or restitution, is due and payable immediately and further

8  agrees to submit a completed Financial Statement of Debtor form as requested by the

9  United States Attorney's Office.

10      5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

11  pleading guilty, he knowingly and voluntarily waives the following rights:

12           a.    The right to plead not guilty and to persist in pleas of not guilty;

13           b.    The right to a speedy and public trial before a jury of his peers;

14           c.    The right to the effective assistance of counsel at trial, including, if

15                 Defendant could not afford an attorney, the right to have the Court

16                 appoint one for him;

17           d.    The right to be presumed innocent until guilt has been established

18                 beyond a reasonable doubt at trial;

19           e.    The right to confront and cross-examine witnesses against Defendant

20                 at trial;

21           f.    The right to compel or subpoena witnesses to appear on his behalf at

22                 trial;

23           g.    The right to testify or to remain silent at trial, at which trial such

24                 silence could not be used against Defendant; and

25           h.    The right to appeal a finding of guilt or any pretrial rulings.

26      6.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

27  guaranteed what sentence the Court will impose.

28

PLEA AGREEMENT - 3
*U.S. v. Pornchai Chaiseeha*, CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1     7.   **Restitution.** Defendant shall make restitution to the Internal Revenue

2 Service in an amount of two hundred twenty thousand, two hundred and eighty-three

3 dollars ($220,283), and to the Washington State Department of Revenue in the amount of

4 seventy-nine thousand, five hundred and twenty-three dollars ($79,523), for a total

5 amount of two hundred ninety-nine thousand, eight hundred and six dollars ($299,806),

6 with credit for any amounts already paid. Said amounts shall be owed jointly and

7 severally with co-defendant Chadillada Lapangkura.

8     Defendant agrees that restitution is due and payable immediately after the

9 judgment is entered and is subject to immediate enforcement, in full, by the United

10 States. If the Court imposes a schedule of payments, Defendant agrees that the schedule

11 of payments is a schedule of the minimum payment due, and that the payment schedule

12 does not prohibit or limit the methods by which the United States may immediately

13 enforce the judgment in full. The IRS will use the amount of restitution ordered as the

14 basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the

15 right to challenge the amount of this restitution-based assessment. See 26 U.S.C. §

16 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's

17 timely payment of restitution according to that schedule will preclude the IRS from

18 immediately collecting the full amount of the restitution-based assessment.

19     Defendant is entitled to receive credit for restitution paid pursuant to this plea

20 agreement against any civil tax liabilities assessed by the IRS with respect to the same

21 periods for which restitution was ordered. Defendant understands and agrees that the

22 plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may

23 seek additional taxes, interest and penalties from Defendant relating to the conduct

24 covered by this plea agreement and for conduct relating to another time period, and that

25 satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's

26 obligation to pay any remaining civil tax liability. Defendant authorizes release of

27 information to the IRS for purposes of making the civil tax and restitution-based

28 assessments.

PLEA AGREEMENT - 4
*U.S. v. Pornchai Chaiseeha,* CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.      **Tax Loss.** The United States and Defendant stipulate and agree that the correct amount of combined federal and state tax loss for purposes of sentencing is two hundred ninety-nine thousand, eight hundred and six dollars ($299,806).  This amount includes as relevant conduct, unpaid federal and state taxes for the tax years of 2011-2016.  Defendant understands that this Plea Agreement does not preclude the Internal Revenue Service or the Department of Revenue from assessing and determining any additional civil tax, penalties, and/or interest that may be owed by Defendant.

9.      **Statement of Facts**.  The parties agree on the following facts.  Defendant admits he is guilty of the charged offense:

a.      Point of Sale (POS) computer systems are commonly used by retail businesses and restaurants to facilitate point-of-sale transactions, keep track of dates and times, customers, servers, tables, orders, payments and refunds in real-time.

b.      In POS systems, each sales transaction is assigned a unique transaction number that identifies that transaction.  The data of each transaction should be immutable.

c.      Government taxing authorities routinely accept calculations derived from the electronic database maintained by the POS system with the condition that electronic sales data must be complete, accurate, and furnished to the agencies on request.

d.      Some POS systems have companion software programs, known as Revenue Suppression Software (RSS), Cash Suppression Software or, colloquially, as a "Zapper" program.  RSS is a software program used to modify a business's POS database for the purpose of tax evasion by deleting or reducing cash sales transactions.  When executed, the RSS program deletes all or some of the cash transactions from the database and then reconciles the books of the business.  The resulting business records appear to be complete and accurate but, in fact, are false and fraudulent in that the records show less than the true income.

e.      The only purpose of an RSS program is to falsify business records.  Use of RSS to defraud taxing authorities was illegal and, since 2013, simple possession of RSS had been prohibited in Washington State.  RCW 82.32.290(4)(a).

f.      SmilePOS was a Lynnwood, Washington company that created a POS system as well as a companion zapper program.  S.U. was the owner and chief executive officer of SmilePOS.

g.      PORNCHAI CHAISEEHA and CHADILLADA LAPANGKURA were part owners in multiple Thai restaurants located in Washington, Oregon, and Hawaii.  Some of these restaurants were operated under the name "Bai Tong," while

PLEA AGREEMENT - 5
*U.S. v. Pornchai Chaiseeha,* CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  others were called "Noi" (collectively Bai Tong Restaurants).

2          h.    Beginning at a time unknown, but no later than 2010, and continuing

3  through August 2, 2017, CHADILADA LAPANGKURA and
PORNCHAI CHAISEEHA, and others, conspired to defraud the United States by

4  impeding, impairing, obstructing, and defeating the lawful government functions of the
Internal Revenue Service of the Treasury Department to ascertain, compute, assess, and

5  collect revenue, specifically, federal income and payroll taxes, as described in this

6  statement of facts.

7          i.    CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA
purchased SmilePOS software, with the associated  RSS, to be installed at Bai Tong

8  Restaurants located in Redmond, Washington (Bai Tong Redmond), Tukwila,

9  Washington (Bai Tong Tukwila), and Bend, Oregon (Noi Thai Cuisine, Bend).

10          j.    CHADILADA LAPANGKURA used the RSS system to delete cash
sales at Bai Tong Redmond, Bai Tong Tukwila, and Bai Tong Bend, and directed another

11  Bai Tong owner, J.C., and another employee to do the same.

12          k.    CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA

13  knew the resultant business records created by the RSS were false in that they omitted
substantial income earned in Bai Tong Redmond, Bai Tong Tukwila, and Noi Thai

14  Cuisine.

15          l.    CHADILLADA LAPANGKURA provided reports from SmilePOS
that omitted some cash sales to Bai Tong Restaurants' third-party accountant and tax

16  preparer, and directed other Bai Tong employees to do the same.  The submission of false

17  business records was done for the purpose of paying less than the legally-mandated taxes.

18          m.    CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA
received daily emails from SmilePOS summarizing total daily sales, total daily payments

19  by credit card, and total daily cash payments, among other things for each Bai Tong

20  Restaurant.  These emails showed the true sales of the businesses, prior to any deletion of
cash transactions.

21          n.    CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA did

22  not tell their third-party accountant/tax preparer about the RSS, the unreported cash, or

23  the cash paid to Bai Tong Restaurant employees.

24          o.    CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA
signed and submitted the resultant false tax returns, which had been created based on the

25  false business records, to government taxing authorities, including the United States

26  Department of the Treasury and the Washington State Department of Revenue.
CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA both knew the tax

27  returns to be false at the time they signed them.

28          p.    CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA

PLEA AGREEMENT - 6
*U.S. v. Pornchai Chaiseeha,* CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

used the cash revenues which had been deleted from the POS system for the payment of employees, business expenses, and, to a lesser extent, personal expenses.

q.      CHADILADA LAPANGKURA transferred some of the skimmed cash to bank accounts in Thailand, of which CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA were owners and signors.   PORNCHAI CHAISEEHA was generally aware that funds were transferred to the foreign bank accounts.  Although required by law to do so, CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA failed to disclose the existence of these foreign bank accounts on their federal income tax returns.

r.      CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA did not pay federal employment taxes or withhold the employee portion of employment taxes on the cash wages paid to Bai Tong employees.

s.      For tax years 2011 through 2016, CHADILLADA LAPANGKURA and PORNCHAI CHAISEEHA filed false and fraudulent United States Income Tax Returns, specifically Forms 1040, Forms 1120-S and Forms 1065, for themselves and Bai Tong Redmond, Bai Tong Tukwila, and Noi Thai Cuisine Bend, which significantly understated the taxable income.  The business returns under-reported revenue by one million, thirty-four thousand, seven hundred and fifty dollars ($1,034,750).  The parties agree that the additional state and federal taxes due on the unreported income for the tax years 2011 through 2016 was two hundred ninety-nine thousand, eight hundred and six dollars ($299,806).

t.      CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA and their co-conspirators performed one or more of the following overt acts, including but not limited to:

i.      On or about June 19, 2014, CHADILADA LAPANGKURA sent a text message to SmilePOS owner, S.U., asking S.U. to delete the RSS program from the Redmond Bai Tong location in advance of a Washington DOR audit of Bai Tong Redmond.

ii.      On or about August 27, 2015, CHADILADA LAPANGKURA and PORNCHAI CHAISEEHA signed a false Form 1040, U.S. Individual Income Tax Return, for tax year 2014, which under-reported their income.

10.      **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the

PLEA AGREEMENT - 7
*U.S. v. Pornchai Chaiseeha,* CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   seriousness of the offenses, to promote respect for the law, and to provide just

2   punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to

3   criminal conduct; (5) the need for the sentence to protect the public from further crimes

4   of the defendant; (6) the need to provide the defendant with educational and vocational

5   training, medical care, or other correctional treatment in the most effective manner; (7)

6   the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

7   need to avoid unwarranted sentence disparity among defendants involved in similar

8   conduct who have similar records.  Accordingly, Defendant understands and

9   acknowledges that:

10              a.      The Court will determine applicable Defendant's Sentencing

11  Guidelines range at the time of sentencing;

12              b.      After consideration of the Sentencing Guidelines and the factors in

13  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

14  maximum term authorized by law;

15              c.      The Court is not bound by any recommendation regarding the

16  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

17  range offered by the parties or the United States Probation Department, or by any

18  stipulations or agreements between the parties in this Plea Agreement; and

19              d.      Defendant may not withdraw his guilty pleas solely because of the

20  sentence imposed by the Court.

21      11.  **Acceptance of Responsibility.**  At sentencing, if the district court

22  concludes Defendant qualifies for a downward adjustment for acceptance of

23  responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or

24  greater, the United States will make the motion necessary to permit the district court to

25  decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b),

26  because Defendant has assisted the United States by timely notifying the United States of

27  his intention to plead guilty, thereby permitting the United States to avoid preparing for

28  trial and permitting the Court to allocate its resources efficiently.

PLEA AGREEMENT - 8
*U.S. v. Pornchai Chaiseeha,* CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12.     **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.      The parties agree that the defendant's base offense level should be 18 based on a tax loss of more than $250,000 but less than $550,000, under USSG § 2T1.1 and § 2T4.1(G).

b.      The defendant retains the right to argue that the sophisticated means enhancement under, pursuant to USSG § 2T1.4(b)(2), does not apply in this case.  The defendant acknowledges that the government will seek application of the two-level enhancement for sophisticated means.

c.      The defendant retains the right to argue that he should qualify for a minor role adjustment under USSG § 3B1.2(b).  The defendant acknowledges that the government will oppose a reduction for minor role.

d.      The parties agree that the defendant's offense level should be decreased by three levels, pursuant to USSG § 3E1.1, as further described in paragraph 11.

Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

13.     **Sentencing Recommendation.**   The government agrees to recommend a sentence of imprisonment of no more than eighteen (18) months.  The government is free to make any other recommendation regarding other portions of Defendant's sentence, including fines, and restitution, consistent with this Plea Agreement.  The Defendant acknowledges that the sentencing recommendation in this paragraph is not binding upon the Court.

14.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this

PLEA AGREEMENT - 9
*U.S. v. Pornchai Chaiseeha,* CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Agreement that are based upon evidence in its possession at this time, and that arise out

2   of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the

3   United States has agreed not to prosecute all of the criminal charges the evidence

4   establishes were committed by Defendant solely because of the promises made by

5   Defendant in this Agreement.  Defendant agrees, however, that for purposes of preparing

6   the Presentence Report, the United States Attorney's Office will provide the United

7   States Probation Office with evidence of all conduct committed by Defendant.

8          Defendant agrees that any charges to be dismissed before or at the time of

9   sentencing were substantially justified in light of the evidence available to the United

10  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

11  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

12  (1997).

13         15.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

14  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

15  Agreement and Defendant may be prosecuted for all offenses for which the United States

16  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

17  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

18  Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

19  Defendant has waived any objection to the re-institution of any charges that had not been

20  prosecuted.

21         Defendant further understands that if, after the date of this Agreement, Defendant

22  should engage in illegal conduct, or conduct that violates any conditions of release,

23  (examples of which include, but are not limited to, obstruction of justice, failure to appear

24  for a court proceeding, criminal conduct while pending sentencing, and false statements

25  to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the

26  United States is free under this Agreement to file additional charges against Defendant or

27  to seek a sentence that takes such conduct into consideration by requesting the Court to

28  apply additional adjustments or enhancements in its Sentencing Guidelines calculations

PLEA AGREEMENT - 10
*U.S. v. Pornchai Chaiseeha*, CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   in order to increase the applicable advisory Guidelines range, and/or by seeking an

2   upward departure or variance from the calculated advisory Guidelines range. Under

3   these circumstances, the United States is free to seek such adjustments, enhancements,

4   departures, and/or variances even if otherwise precluded by the terms of the plea

5   agreement.

6        16.    **Waiver of Appeal**. Defendant acknowledges that by entering the guilty

7   plea required by this plea agreement, and as consideration for the government's

8   agreement to recommend a sentence of no more than eighteen months, Defendant waives

9   all rights to appeal from Defendant's conviction and any pretrial rulings of the court.

10  Defendant further agrees that, provided the court imposes a custodial sentence that is

11  within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if

12  greater than the Guidelines range) as determined by the court at the time of sentencing,

13  Defendant waives to the full extent of the law:

14       a.    Any right conferred by Title 18, United States Code, Section 3742 to appeal

15  the sentence, including any restitution order imposed; and

16       b.    Any right to bring a collateral attack against the conviction and sentence,

17  including any restitution order imposed, except as it may relate to the effectiveness of

18  legal representation.

19       This waiver, however, does not preclude Defendant from bringing an appropriate

20  motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

21  decisions of the Bureau of Prisons regarding the execution of his sentence.

22       If Defendant breaches this Plea Agreement at any time by appealing or collaterally

23  attacking (except as to effectiveness of legal representation) the conviction or sentence in

24  any way, the United States may prosecute Defendant for any counts, including those with

25  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

26  Agreement.

27       17.    **Voluntariness of Plea**. Defendant agrees that he has entered into this Plea

28  Agreement freely and voluntarily and that no threats or promises, other than the promises

PLEA AGREEMENT - 11
*U.S. v. Pornchai Chaiseeha*, CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  contained in this Plea Agreement, were made to induce Defendant to enter his plea of

2  guilty.

3          18.    **Statute of Limitations**.  In the event this Agreement is not accepted by the

4  Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

5  the statute of limitations shall be deemed to have been tolled from the date of the Plea

6  Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea

7  Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

8  the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

9          19.    **Completeness of Agreement**.  The United States and Defendant

10  acknowledge that, except as to certain matters set forth during the plea colloquy in open

11  court, these terms constitute the entire Plea Agreement between the parties.  This

12  Agreement binds only the United States Attorney's Office for the Western District of

13  Washington.  It does not bind any other United States Attorney's Office or any other

14  office or agency of the United States, or any state or local prosecutor.

15          Dated this ____14th____ day of ____August____, 2019.

18  PORNCHAI CHAISEEHA

19  Defendant

22  KURT HERMANNS

23  Attorney for Defendant

25  MATTHEW DIGGS

26  Assistant United States Attorney

PLEA AGREEMENT - 12
*U.S. v. Pornchai Chaiseeha*, CR19-140JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970